**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Dalton-Webb,<br><br>            Plaintiff,<br><br>v.<br><br>City of Prescott, et al.,<br><br>            Defendants. | No. CV-25-08107-PCT-MTL<br><br>**ORDER** |

This matter is before the Court *sua sponte* and pursuant to its independent obligation to assess whether subject matter jurisdiction exists. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

**I.**

Plaintiff Eli Dalton-Webb filed a complaint in the Arizona Superior Court in Yavapai County on April 21, 2025. (Doc. 1-1.) Therein, he asserts civil rights violations under the Arizona Constitution and purported violations of A.R.S. § 32-1101.01. (*Id.*) On May 29, 2025, Defendant City of Prescott removed to this Court on the basis of federal question jurisdiction. (Doc. 1.)

Plaintiff alleges his "Fourth Amendment rights were taken from him through Article 2 Section 3 of the Arizona Constitution."[*] (Doc. 1-1 at 5.) Further in his complaint, Plaintiff states he "makes a 9th amendment claim through Article 2 § 3 of the Arizona

---

[*] Article 2, Section 3 provides, as relevant here, "The Constitution of the United States is the supreme law of the land to which all government, state and federal, is subject." Ariz. Const. art. II, § 3(a).

1. Constitution." (*Id.* at 26 n.6.) And yet, Plaintiff repeatedly explains that he is not making a direct federal claim, but rather asserting his federal constitutional rights under Article 2, Section 3 of the Arizona Constitution. (*Id.* at 5, 22, 26.) Plaintiff further alleges that "[n]othing in this complaint shall be construed as any direct federal claims." (*Id.* at 26.)

In its Notice of Removal, Defendant argues Plaintiff's complaint, as "liberally construed, alleges Fourth and Ninth Amendment claims either directly, or through some indirect legal analysis" because "Art. 2, § 3 does not confer any separate, substantive rights upon Arizona citizens." (Doc. 1 at 2 n.1.) Defendant contends that as a result, Plaintiff's attempt to mask his substantively federal claims as state law claims is futile. (*Id.*)

## II.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp.*, 559 U.S. at 94. A federal court, therefore, "may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal question jurisdiction is set forth in 28 U.S.C. § 1331 and grants federal courts jurisdiction to hear cases arising under the Constitution and federal law. The "presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is found in 28 U.S.C. § 1332, and grants courts authority to hear cases arising under state law only where there is complete diversity of the parties, and the statutory amount-in-controversy (over $75,000) is satisfied. 28 U.S.C. § 1332(a)(1). This means that no defendant can be a resident of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373

(1978).

On review of the jurisdictional allegations of the complaint, the Court finds that this action must be dismissed for lack of subject matter jurisdiction. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (District court may *sua sponte* dismiss an action for lack of subject matter jurisdiction without notice and an opportunity to respond.). Diversity jurisdiction is not satisfied, as Plaintiff and Defendant are both considered residents of Arizona. (Doc. 1-1 at 1.)

There is also no federal question jurisdiction, as Plaintiff does not assert claims arising under the Constitution or federal law. Plaintiff alleges Fourth and Ninth Amendment violations exclusively through the Arizona constitution. (*See generally* Doc. 1-1.) Although Plaintiff's legal theory may ultimately fail, the Court cannot construe Plaintiff's complaint as alleging federal claims where Plaintiff repeatedly indicates his intent to accomplish the opposite. As the United States Supreme Court recently recognized, "[t]he plaintiff is 'the master of the complaint'" and "gets to determine which substantive claims to bring against which defendants," thereby "establish[ing]—or not—the basis for a federal court's subject matter jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation omitted). As master of his complaint, Plaintiff elected to raise only state law claims against Defendants, thereby depriving this Court of subject matter jurisdiction. The Court will not reinterpret the complaint in a manner to obstruct Plaintiff's deliberate choice.

### III.

Because subject matter jurisdiction is lacking, the Court must remand the case to the Arizona Superior Court in Yavapai County. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS ORDERED** directing the Clerk of Court to remand this case back to the Arizona Superior Court in Yavapai County.

**IT IS FURTHER ORDERED** that Defendant's Motion for an Extension (Doc. 7) is denied as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to close this case.

Dated this 30th day of May, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge